IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**THOMAS WAYLON BOYD**                                              **PETITIONER**

v.                                    **Case No. 4:19-cv-4116**

**DEXTER PAYNE[1], Director**                                       **RESPONDENT**
**Arkansas Department of Correction**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, THOMAS WAYLON BOYD, ("BOYD") an inmate of the Arkansas Department of Correction (ADC), confined in the Bowie County Correctional Center, Texarkana, Texas, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The Respondent was served with a copy of the Petition and Addendum and has responded by filing a Motion to Dismiss. ECF No. 12. BOYD responded to the Motion to Dismiss.[2] ECF No. 14. The Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Petition, the Motion to Dismiss, all other pleadings, and all exhibits properly submitted in this case. For the following reasons, the Court recommends the Motion to Dismiss be **GRANTED** and the Petition in this case **DISMISSED**:

---

[1] Dexter Payne is substituted for Wendy Kelly as the named Respondent in this matter pursuant to FED.R.CIV.P. 25(d).

[2] After filing his response, BOYD attempted to file 124 pages of documents which had either already been filed or were not relevant to any of the issues before the Court in its consideration of the Motion to Dismiss. The Court ordered these pages be returned to BOYD and directed the parties to file no further pleadings unless directed to do so by the Court. ECF No. 15. Thereafter BOYD attempted to file two additional pleadings, both of which were returned to him without filing by the Clerk of this Court.

A. **Procedural Background**[3]:

BOYD is currently serving an undischarged sentence of four years imprisonment as a result of a conviction for fleeing in the Circuit Court of Nevada County on November 20, 2018. *See State v. Boyd*, No. 50CR-18-064 (2018). He does not attack this conviction and sentence in the instant petition. Rather, he attacks several convictions from 2012 originating in the Circuit Court of Hempstead County, Arkansas.

On September 17, 2012, BOYD pled guilty to the following felony crimes: (1) battery 2nd degree (two counts); and (2) endangering the welfare of a minor in the Circuit Court of Hempstead County, Arkansas.[4] *See State v. Boyd*, No. 29CR-12-76 (2012). He was sentenced to 72 months incarceration on all counts with the sentences to be served concurrently. He did not appeal the result of this state court proceeding. ECF No. 1, p. 4. He has been fully discharged from the 72 month sentences as of March 2, 2019. *See* ECF No. 12-2. BOYD apparently sought state post-conviction relief in 2019. ECF No. 1, p. 4. However, he does not indicate the result of the effort to obtain state relief. It is these convictions BOYD attacks in the instant petition.

B. **Current Petition**:

On September 11, 2019, BOYD filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court. He challenges his 2012 state court convictions and raises the following claims for relief:

1. Actual innocence of the charges to which he pled guilty in 2012. ECF No. 1, p.5;

---

[3]The procedural background is taken from the Petition, Response, the attached exhibits, and matters of public record regarding this case.

[4]BOYD also pled guilty to several misdemeanor cases and was sentenced to 12 months in the county jail on those charges.

    2. The state trial court lacked "subject matter jurisdiction" over his case. ECF No. 1, p. 5;

    3. Ineffective assistance of counsel. ECF No. 1, p. 5;

    4. Incompetent process or absence of process. ECF No. 1, p. 5;

    5. Excessive force. ECF No. 1, p. 6;

    6. False arrest and false imprisonment based on lack of evidence. ECF No. 1, p. 8 and;

    7. Constitutional violation, allegedly he was compelled to attend court and plead guilty to the charges against him. ECF No. 1, p. 10.

As relief, BOYD seeks "compensatory damages, . . . punitive damages, . . . acquittal of any and all charges, . . . termination of the time served, . . . complete exoneration & certificate of rehabilitation." ECF No. 1, p. 14.

    The Respondent asserts BOYD is not "in custody" pursuant to the challenged convictions and further the claims in the Petition are time-barred by 28 U.S.C. §2244(d)(1)(A). ECF No. 12. The Respondent did not respond to the substance of any of BOYD's allegations.

    BOYD filed a response to the Motion to Dismiss on December 19, 2019. ECF No. 14. In this response he asserts the Respondent is not addressing the claims made in the Petition. He also reasserts his claims that he was held illegally for 72 months based on the challenged convictions. Finally he requests the Motion to Dismiss be denied and his Petition granted because the Respondent failed to respond to the substantive claims in the Petition. ECF No. 14, p. 4.

**C. Discussion**:

    **1. "In Custody" Requirement**:

    BOYD is currently in custody serving a four-year sentence for a 2018 Arkansas state conviction for felony fleeing. He does not attack this conviction. As stated above, his Petition

challenges several 2012 Arkansas state convictions for battery(two counts) and endangering the welfare of a minor. His sentences for all of the convictions from the 2012 case were discharged in March 2019. He is no longer serving any part of those sentences. Rather, he now claims he was wrongfully convicted. He requests "exoneration" and damages.

A Federal court has the power to grant a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, only to a person "in custody." Section 2241 states in part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c)(emphasis added). "We have interpreted the statutory language as requiring that the *habeas* petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). "Custody is tested at the time of filing the petition. A person must be in custody under the conviction or sentence attacked at the time of filing. A person whose sentence has fully expired at the time his petition is filed can not satisfy the custody requirement." *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991) (internal citations

omitted).

Importantly here, BOYD admits he has fully served the sentences he now attacks. In a Supplement to the Petition he states in part: "having been committed in 2012 and the sentence/custodial *sentence having been fully served.*" ECF No. 8, p. 1(emphasis added). Because BOYD is not in custody pursuant to the convictions he is attacking, this Court lacks jurisdiction. The Motion to Dismiss should be **GRANTED** and this Petition should be **DISMISSED**.

**2. One-year Statute of Limitations**: In the alternative, the Respondent argues the instant Petition is time barred. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEDPA provides the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[5]

---

[5]Section 2244(d)(2) also provides the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The United States Court of Appeals for the Eighth Circuit has also held "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the habeas petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002). Neither of these circumstances is alleged or present in this case.

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The Eighth Circuit has held the running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) quoting *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998). The United States Supreme Court has addressed this provision as it relates to a state court conviction.

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzales v Thaler*, 565 U.S. 134, 150 (2012). In other words, where a state prisoner does not seek a writ of *certiorari* to the United States Supreme Court his conviction becomes final when the time for pursuing his state court direct appeal expires. *See also, Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015) (where a state prisoner does not appeal his state-court conviction, "the critical date for finality of the state-court conviction is the expiration of the state's [notice of appeal] filing deadline.") In Arkansas a defendant convicted of a criminal offense has thirty (30) days to file his notice of appeal. *See* ARK.R.APP.P.–CRIM. 2(a).

In the present case, BOYD was convicted on October 30, 2012[6] and did not appeal to the Arkansas appellate courts. Thus, the conviction at issue became final thirty (30) days later, or on November 29, 2012. He had until November 29, 2013, in which to seek relief pursuant to § 2254. BOYD filed the pending Section 2254 Petition on September 11, 2019, more than five (5) years after his conviction became final. Accordingly, the Petition is time-barred unless some tolling provision applies.

In his Petition, BOYD attempts to explain the delay in filing. First, he argues "preamble and choice" citing the United States Constitutional provision that the "writ" shall not be suspended. Next he argues he is not attempting to abuse the writ process. Finally, he states he has reached out to family and lawyers for help all to no avail. None of these proffered reasons amount to either statutory tolling or an "extraordinary circumstance" such that he should be allowed to file his Petition more than five (5) years after the running of the applicable statute of limitations.

Even if BOYD were still "in custody" pursuant to the challenged convictions, his Petition was filed well after the applicable statute of limitations. He has offered no reason for that statute to be tolled. Accordingly, the Motion to Dismiss should be **GRANTED** and the Petition **DISMISSED**.

D. **Recommendation**:

Based on the foregoing, it is recommended that the Motion to Dismiss (ECF No. 12) be **GRANTED** and the instant Petition be **DENIED** and **DISMISSED** with prejudice.[7] I further

---

[6] The date the Judgment and Commitment Order was filed in the Circuit Court of Hempstead County, Arkansas. ECF No. 12-1.

[7] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,*

recommend no Certificate of Appealability issue in this matter.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **30th day of March 2020.**

                                                            /s/ *Barry A. Bryant*
                                                           HON. BARRY A. BRYANT
                                                           U.S. MAGISTRATE JUDGE

---

726 F.2d 1316, 1318-19 (8th Cir.1984).